UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN PRESUME,<br><br>          Plaintiff,<br><br>- against -<br><br>JOSH PACKAGING, INC., ABE GOLSH, and NEJAT RAHMANI,<br><br>          Defendants. | Docket No.: 19-CV-6612<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, by his attorneys, Ricotta & Marks, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1. Plaintiff was a non-exempt employee for Defendant Josh Packaging, Inc. ("Josh"). Plaintiff bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law ("NYLL") Article 19 § 663, NYLL Article 6 §§ 195; 12 New York Codes, Rules, and Regulations ("NYCRR") Parts 142 or 146; NYLL Article 6 § 190 et seq., to recover overtime wages owed to Plaintiff by JOSH, ABE GOLSH ("Golsh"), and NEJAT RAHMANI ("Rahmani") (collectively referred to as "Defendants"). Plaintiff brings their claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself.

## JURISDICTION AND VENUE

2. This is a civil action brought pursuant to, and arising out of, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), § 650 *et seq.*, and any other claims, which can be inferred from the facts set

1

forth herein. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and their NYLL claims on behalf of himself.

3. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. Plaintiff Jean Presume ("Presume") is an individual who is currently a resident of the State of New York and who was employed by Defendant as a Printer Operator, from in or about 1993 until June 6, 2019.

7. Defendant, Josh, is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business in the State of New York, with a principal place of business at 245 Marcus Blvd., Hauppauge, New York 11788. Defendant Heritage is engaged in the manufacturing business.

8. Golsh, at all relevant times, was an officer, director, and/or owner of Josh, with a business address of 245 Marcus Blvd., Hauppauge, New York 11788, and who participated in and dominated the day-to-day operations of Josh and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the NYLL Sec. 2 and the regulations thereunder and is jointly and severally liable with Josh.

9. Rahmani, at all relevant times, was an officer, director, and/or owner of Josh, with a business address of 245 Marcus Blvd., Hauppauge, New York 11788, and who participated in and dominated the day-to-day operations of Josh and acted

intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the NYLL Sec. 2 and the regulations thereunder and is jointly and severally liable with Josh.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. §§ 206, 207 and 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and all other non-managerial employees of Defendants with similar compensation structures (the "Collective Action Members"), who are or were employed by Defendants at any time since November 22, 2019 and through the entry of judgment in this case (the "Collective Action Period").

11. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay overtime. As a result of those policies, Plaintiff and the Collective Action Members did not receive the legally required overtime premium payments for all hours worked in excess of forty (40) per week.

## STATEMENT OF FACTS

12. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

13. Upon information and belief, at all relevant times, Josh had gross revenues in excess of $500,000.00.

14. At all relevant times, Defendants employed and/or continue to employ Plaintiff and each Collective Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Upon information and belief, Defendants employ at least twenty employees at any one time in their manufacturing business.

16. Beginning in or about 1993, Defendants employed Presume work as a printer operator.

17. While working for Defendants, Presume's shift hours were from 8:00 a.m. until 11:00 p.m. or from 10:00 a.m. until 1:00 a.m., Monday through Friday. Presume would also work eight to ten hours on Sundays and would occasionally be scheduled to come into work for four or five hours on Saturdays. Presume worked six (6) days a week, Monday through Saturday, and would occasionally work seven (7) days a week. With rare exceptions, Presume worked these shift hours for the entire course of his employment with Defendants.

18. On those weeks that Presume worked six (6) days, he worked approximately 74 hours per week. On those weeks that he worked seven (7) days, he worked approximately 79 hours. During his employment with Defendants, Presume was paid straight time, regardless of the number of hours actually worked.

19. While working for Defendants, the Plaintiff, and those similarly situated, did not receive any overtime wages, at the rate of one and one-half times (1.5) the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

20. While working for Defendants, the Plaintiff, and those similarly situated, did not receive spread of hours compensation for hours worked in excess of ten (10) in one day.

21. Plaintiff did not supervise other employees and did not have hiring and firing authority, and his job did not include managerial duties or the exercise of independent business judgment. Plaintiff did not receive tips for the work performed.

22. Plaintiff has spoken with other non-managerial employees of Defendants, who similarly worked in excess of forty (40) hours per week during the Collective Action Period but were not paid a rate of at least time and one half their regular rate for all hours in excess of forty (40) in a given workweek or spread of hours compensation for hours worked in excess of ten.

23. Upon information and belief, the individual defendants had complete control of the alleged activities of Josh, which give rise to the claims brought herein.

24. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment, Defendants failed to post a notice in the workplace explaining employees' rights under the FLSA and NYLL.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT — UNPAID OVERTIME

25. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein

26. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

27. Plaintiff, and those individuals similarly situated, upon information and belief, did not receive overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

28. Consequently, by failing to pay Plaintiff, and those individuals similarly

situated, all their overtime compensation, Defendants violated the FLSA 29 U.S.C. § 207.

29. Upon information and belief, the failure of the Defendants to pay overtime compensation was willful.

30. By the foregoing reasons, Defendants are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION: <br> NEW YORK LABOR LAW — UNPAID OVERTIME

31. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

32. 12 NYCRR Part 142 and 146 require that an employer pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate of pay.

33. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

34. Plaintiff did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

35. Consequently, by failing to pay to Plaintiff overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR Parts 142 and 146.

36. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

37. By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR Parts 142 and 146 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW — UNPAID SPREAD-OF-HOURS

38. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

39. Defendants willfully violated Plaintiff's rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where Plaintiff and the Collective Action Members worked more than 10 hours per day, in violation of the NYLL and regulations promulgated thereunder.

40. Defendants' failure to pay spread-of-hours compensation caused Plaintiff, and the Collective Action Members, to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

### PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b) An order declaring that Defendants violated the FLSA;

c) An order declaring that Defendants' violations of the FLSA were willful;

d) An order declaring that Defendants violated the NYLL;

e) An award of overtime compensation due under the FLSA and NYLL;

f) An award of spread of hours payments due under the NYLL;

g) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime and/or spread of hours compensation pursuant to 29 U.S.C. § 216 and the NYLL;

h) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein.

i) An award of prejudgment and post-judgment interest;

j) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k) Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all applicable questions of fact raised by the complaint.

Dated: Long Island City, New York
       November 22, 2019

                                  RICOTTA & MARKS, P.C.

BY: _____
Thomas Ricotta, Esq.
31-10 37th Avenue, Suite 401
Long Island City, New York 11101
(347) 464-8694
*Attorneys for Plaintiff and all
others similarly situated*